## Baker v. Thompson, Appellant.

*Negligence—Fire—Jumping from burning building—Proximate cause.*

In a suit to recover damages for personal injuries received in an attempt to escape from a burning hall a recovery will be set aside where the evidence of plaintiff shows conclusively that the proximate cause of the accident was not the alleged negligence of defendant in failing to provide a proper egress from the hall but a blow from a chair, thrown by an unknown person, which stunned plaintiff and prevented her from using the main stairs in front, by which everybody else in peril escaped.

Argued April 21, 1909. Appeal, No. 268, Jan. T.,

1908, by defendants, from judgment of C. P. Blair
Co., June T., 1908, No. 127, on verdict for plaintiff in case
of Juniata Baker v. Annie Thompson & David Thompson. Before BROWN, MESTREZAT, POTTER, STEWART and
MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries.
Before BELL, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,191.66. Defendants appealed.

*Error assigned* was in refusing to give binding instructions for defendants.

*W. I. Woodcock*, with him *M. D. Patterson*, for appellants.

*Thomas H. Greevy*, with him *E. G. Brotherlin*, for appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1910:

This action is for injuries sustained in jumping from
a burning building, and the negligence charged on the
trial to the defendants, its owners, was their failure to
provide proper means of egress from it in case of fire.
It was two stories high, the second story having been a
hall in which public entertainments were given. It was
leased to the proprietor of a moving picture show for
the evening of February 28, 1906, and at the performance
then given the plaintiff was employed by the proprietor
of the show to furnish instrumental music. If the proximate cause of the injuries which she sustained was the
failure of the defendants to provide adequate means of
egress from the hall in case of fire, this verdict should not
be disturbed. As the building was but two stories high
there was no statutory duty resting upon the owners to
erect fire escapes, and the jury were so instructed; but

the case was submitted to them to find whether the defendants had done what persons of reasonable and ordinary prudence ought to have done to guard an audience in their hall against danger from fire. The jury found from the evidence that the defendants had not properly safeguarded the hall, and they further found, what they ought not to have been permitted to find, that the failure to so guard it was the proximate cause of plaintiff's injuries.

Everybody who left the hall by way of the stairway at the entrance passed safely from the building. The plaintiff and a niece started for this stairway, the latter holding the former's hand. As they were thus proceeding the plaintiff was knocked down by a chair, which, according to an allegation in the statement, was thrown by direction of an agent of one of the defendants. That the plaintiff was knocked down by a chair thrown by some one, is the only conclusion to be reached from her own testimony; but there was no evidence that either of the defendants was in any way responsible for its having been thrown. The plaintiff testifies that when she was knocked down by it she was stunned and lay on the floor in an unconscious condition, and, upon regaining consciousness, went to one of the windows, and, passing through it out on a roof, jumped to the ground, sustaining the injuries for which she is seeking compensation from the defendants. The jury were instructed that she could not recover unless the negligence of the defendants was the proximate cause of her injuries. The negligence charged against them was failure to provide proper means of egress from their hall in case of fire, but the evidence conclusively showed otherwise; for if the plaintiff had proceeded to the stairway, the means of egress from the hall provided by the defendants, she would have passed safely down it from the building, as did all the others who were in the hall. Nothing done or omitted to be done by the defendants interfered with her so proceeding, but the throwing of a chair by some

one—an independent cause, for which the defendants were not responsible, and which they could not reasonably have anticipated—stopped her, and after she recovered from the shock of the blow, she sought another way of leaving the hall. This was through no fault of the defendants. They had provided a safe way out of the hall, which through the fault of another, the plaintiff was not permitted to use, and that fault was the proximate cause of her injuries.

The thirteenth assignment of error is sustained and the judgment reversed.